UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
:
WILLIAM RHODES, :
: **ORDER REGARDING THE**
Plaintiff, : **APPROPRIATE STANDARD OF**
-against- : **REVIEW**
:
FIRST RELIANCE STANDARD LIFE : 22 Civ. 5264 (AKH)
INSURANCE COMPANY, :
:
Defendant. :
:
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

William Rhodes ("Plaintiff") brings this action for long-term disability benefits arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, et seq. against First Reliance Standard Life Insurance Company ("First Reliance," or "Defendant"). The parties dispute the standard of review that applies in this case. Rhodes has moved for this Court to apply the *de novo* standard of review, arguing that First Reliance failed to "strictly adhere" to ERISA Claims Procedure Regulations. *See* 29 C.F.R. § 2560.503-1. For the reasons provided below, Rhodes' motion for *de novo* review is granted.

## BACKGROUND

Rhodes is a former employee of Union Bank, which issued a long-term disability insurance plan under ERISA (the "Plan"). Compl. ¶¶ 6, 19. First Reliance was the claims administrator and fiduciary for the Plan. *Id.* ¶¶ 7-8.

After a traumatic brain injury, Rhodes brought a claim for long-term disability benefits under the Plan. *Id.* ¶ 78. First Reliance initially granted Rhodes' claim on March 27, 2019. *Id.* ¶ 79. However, on November 17, 2020, First Reliance terminated Mr. Rhodes'

1

benefits, finding that he no longer satisfied the applicable definition of "Total Disability" under the Plan. *Id.* ¶ 80.

On March 2, 2021, Rhodes sent First Reliance a letter in which he expressed his disagreement with its November 17, 2020 denial of benefits. Ex. 2, AR267-70 (ECF No. 16-2). The letter contained responses to various assertions and explanations First Reliance provided in its denial, including its failure to address several of Rhodes' symptoms and their effect on Rhodes' ability to perform his job, its interpretation of Rhodes' travel history, and its failure to request an updated neuropsychological evaluation, among others. *Id.* On May 13, 2021, Rhodes sent another letter, containing similar objections, in which he wrote: "This letter is a formal appeal to the letter I received . . . dated November 17, 2020." Ex. 2, AR596 (ECF No. 16-3). First Reliance received this letter on May 19, 2021. Ex. 2, AR97.

On June 7, 2021, First Reliance sent Rhodes a letter informing him that it would require him to undergo an independent medical examination ("IME") and inviting him to submit any additional documentation he wished. Ex. 2, AR648-49. The letter also purported to provide notice of First Reliance's "intention to take beyond 45 days to make a final decision on your appeal, as we await the receipt of the above referenced physician's review and the receipt of the above-requested information, if applicable." *Id.* The parties do not dispute that after sending this letter on June 7, 2021, First Reliance stayed its review of Rhodes' appeal until August 3, 2021. Mem. in Opp., at 9.

On July 16, 2021, First Reliance scheduled Rhodes' IME with Kristjan Olafsson, a neuropsychologist, to take place on July 27, 2021. Compl. ¶¶ 102-03, 109. First Reliance received Olafsson's report on August 6, 2021 and an addendum from Olafsson on December 22, 2021. *Id.* 109-10. The addendum report was not provided to Rhodes until after First Reliance'

final benefit determination. *Id.* ¶ 132. First Reliance upheld its denial of benefits on January 7, 2022. Compl. ¶ 91. On June 22, 2022, Rhodes filed the current suit seeking challenging First Reliance's denial of his long-term disability benefits claim.

## DISCUSSION

I.  Legal Standard

"[A] denial of benefits challenged under [29 U.S.C.] § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). If the plan confers discretionary authority to the administrator, then the deferential "arbitrary and capricious" standard applies. *Kinstler v. First Reliance Standard Life Ins. Co.*, 181 F.3d 243, 249 (2d Cir. 1999). However, "when denying a claim for benefits, a plan's failure to comply with the Department of Labor's claims-procedure regulation, 29 C.F.R. § 2560.503–1, will result in that claim being reviewed *de novo* in federal court, unless the plan has otherwise established procedures in full conformity with the regulation and can show that its failure to comply with the regulation in the processing of a particular claim was inadvertent and harmless." *Halo v. Yale Health Plan, Dir. of Benefits & Recs. Yale Univ.*, 819 F.3d 42, 45 (2d Cir. 2016).

Rhodes claims that First Reliance violated the claims procedure regulations in three ways: (a) First Reliance failed to consult with an appropriately qualified health care professional on appeal, in violation of 29 C.F.R. § 2560.503-1(h)(3)(iii) and (4); (b) First Reliance failed to give Rhodes the opportunity to respond to Dr. Olafsson's addendum, in violation of C.F.R. § 2560.503-1(h)(4)(i); and (c) First Reliance exceeded all possible deadlines on appeal, in violation of 29 C.F.R. § 2560.503-l(i)(l)(i), (i)(3)(i). The Court considers of Rhodes' claims in turn.

3

        a. First Reliance's Consultation with an Appropriate Health Care Professional

ERISA's full and fair review requirements provide: "[I]n deciding an appeal of any adverse benefit determination that is based in whole or in part on a medical judgment . . . the appropriately named fiduciary shall consult with a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment." 29 C.F.R. §2560.503-1(h)(3)(iii). The health care professional must be "sufficiently qualified to evaluate all of plaintiff's medical conditions and to provide an opinion regarding plaintiff's functional capacity based on all of the objective medical evidence and clinical data",

Rhodes claims that First Reliance failed to meet this requirement because it retained Kristjan Olafsson, a PhD-trained neuropsychologist, rather than a neurologist or other medical doctor, to review Rhodes' records on appeal. Rhodes argues that his medical records demonstrate significant evidence of significant physical manifestations and abnormalities that required medical judgment from a medical doctor rather than a psychologist. For example, Rhodes' file includes emergency room records of his physical head injury (Ex. 2, ECF No. 16-3, AR566-72); diagnostic scans demonstrating physical abnormalities in his brain (Ex. 2, ECF No. 16-3, AR573-77); abnormal findings from physical examinations (Ex. 2, ECF No. 16-4, AR456, 543, 795-802); treatment by medical doctors in neurological and rehabilitative physical specialties (Compl. ¶ 66); and symptoms consistent with physical disability, including visual disturbances, headaches, balance impairment, and deficient fine motor coordination, among others (*See* Mem. in Support, at 5 (collecting citations)).

First Reliance argues that Olafsson, as a neuropsychologist, was qualified to evaluates Rhodes' records. They note that a health care professional retained by a claims administrator need not be a certified specialist in the insured's medical condition so long as the

doctor is "sufficiently qualified to evaluate all of plaintiff's medical conditions and to provide an opinion regarding plaintiff's functional capacity based on all of the objective medical evidence and clinical data." *Topalian v. Hartford Life Ins. Co.*, 945 F. Supp. 2d 294, 354 (E.D.N.Y. 2013). First Reliance cites to several cases in which courts have found physicians without specialties in claimants' conditions to be sufficiently qualified. See Mem. in Opp., at 3. However, in each of these cases, the administrator consulted a board-certified medical doctor. *See, e.g., Schnur v. CTC Commc'ns Corp. Grp. Disability Plan*, No. 05-CV-3297, 2010 WL 1253481, at *16 (S.D.N.Y. Mar. 29, 2010) (reviewing doctors were board-certified in internal medicine and/or occupational medicine); *Fitzpatrick v. Bayer Corp.*, No. 04-CV-5134, 2008 WL 169318, at *14 (S.D.N.Y. Jan. 17, 2008) (reviewing doctors were board-certified in internal medicine, emergency medicine, and occupational medicine); *Lee v. Aetna Life & Cas. Ins. Co.*, No. 05-CV-2960, 2007 WL 1541009, at *2-3, 6 (S.D.N.Y. May 24, 2007) (reviewing physician was board-certified in internal medicine and occupational medicine). First Reliance offers no precedent that would support a finding that a neuropsychologist or any other individual who is not a medical doctor would be sufficiently qualified to satisfy the full and fair review requirement.[1] Given the abundance of documentation of physical manifestations and abnormalities in Rhodes' medical record, First Reliance's failure to consult with a medical doctor during its review of Rhodes' appeal constitutes a violation of ERISA's full and fair review requirements under 29 C.F.R. §2560.503-1(h)(3)(iii).

    b. Rhodes' Opportunity to Respond to Dr. Olafsson's Addendum Report

---

[1] Plaintiff, meanwhile, cites to several cases in which administrators retained both neurologists and psychiatrists to review medical records for individuals with disabilities resulting from traumatic brain injuries like Rhodes'. *See, e.g., Whitley v. Standard Ins. Co.*, 815 F.3d 1134, 1137 (8th Cir. 2016); *Meyer v. Unum Life Ins. Co. of Am.*, 2021 WL 1102443, at *12-13 (C.D. Cal. Mar. 23, 2021); *Landeck v. Unum Life Ins. Co. of Am.*, 2018 WL 11472373, at *4-5 (N.D. Cal. Oct. 15, 2018); *Bethany Coleman-Fire v. Standard Ins. Co.*, 2019 WL 2011039, at *4-5.

. On December 22, 2021, during the pendency of Rhodes' appeal, First Reliance obtained an addendum report from Olafsson after asking him to review additional medical records and inform First Reliance whether the additional records altered the opinions he provided in his original report. Ex. 2, ECF No. 16-4, AR815. In the addendum report, Olafsson states that the additional records did not alter his opinions and impressions. *Id.* First Reliance never provided Rhodes with a copy of the report or an opportunity to respond until after it rendered a final benefit determination. *See* Compl. ¶ 132. Rhodes claims that First Reliance violated 29 C.F.R. §2560.503-1(h)(4)(i), which provides that a plan shall provide to a claimant "new or additional evidence considered, relied upon, or generated by the plan" as well as a reasonable opportunity to respond.

First Reliance does not dispute that it did not provide the addendum report to Rhodes until after its final benefits determination. *See* Answer ¶ 132. Instead, First Reliance argues that it was not obligated to provide the addendum report before its final benefits determination because the addendum did not constitute "new or additional evidence" within the meaning of 29 C.F.R. §2560.503-1(h)(4)(i). First Reliance claims that because the addendum report indicates that Olafsson's opinions provided in the original report remained unchanged, there were no new medical opinions and no new or additional information that First Reliance Standard was required to provide to Plaintiff.

I find First Reliance's argument unconvincing. First Reliance sought the addendum report from Olafsson so that he could review additional medical records, including an MRI, progress notes from physician visits, and medical tests. Ex. 2, ECF No. 16-4, AR815. Olafsson's addendum report was a medical opinion regarding new medical evidence, and it was "considered" and "generated" by First Reliance regardless of whether the report affected its

ultimate benefits determination on appeal. 29 C.F.R. § 2560.503-1(h)(4)(i). Therefore, First Reliance's failure to provide Rhodes with the addendum and an opportunity to respond to it prior to its final benefits determination constitutes a violation of claims procedure regulations.

    c. Timeliness of First Reliance's Decision on Appeal

Finally, Rhodes claims that First Reliance violated regulations obligating a claims administrator to render a determination on appeal within 45 days of submission. 29 C.F.R. §2560.503-1(i)(3)(i). The 45-day window may be tolled in certain circumstances, including when the administrator requests additional information from the claimant necessary to decide the claim.[2] Additionally, an administrator may exercise one 45-day extension if the administrator demonstrates "special circumstances" requiring an extension of time for processing the claim. "An extension may be imposed only for reasons beyond the control of the plan." *Salisbury v. Prudential Ins. Co. of Am.*, 238 F. Supp. 3d 444, 449 (S.D.N.Y. 2017) (quoting ERISA Rules and Regulations for Administration and Enforcement; Claims Procedures, 65 Fed. Reg. 70,246, 70,250, 2000 WL 1723740 (Nov. 21, 2000)). If a plan determines that an extension is necessary, "written notice of the extension shall be furnished to the claimant prior to the termination of the initial [45]-day period." 29 C.F.R. § 2560.503–1(i)(1)(i). The notice must "indicate the special circumstances requiring an extension of time and the date by which the plan expects to render the determination on review." *Id.*

---

[2] The statute provides:
> the period of time within which a benefit determination on review is required to be made shall begin at the time an appeal is filed in accordance with the reasonable procedures of a plan, without regard to whether all the information necessary to make a benefit determination on review accompanies the filing. In the event that a period of time is extended as permitted pursuant to paragraph (i)(1), (i)(2)(iii)(B), or (i)(3) of this section due to a claimant's failure to submit information necessary to decide a claim, the period for making the benefit determination on review shall be tolled from the date on which the notification of the extension is sent to the claimant until the date on which the claimant responds to the request for additional information.

The parties dispute whether Rhodes' March 2, 2021 letter or his subsequent May 13, 2021 letter received by First Reliance on May 19, 2021 triggered the 45-day benefit determination period. In its Answer, First Reliance admits to Rhodes' allegation that the March 2, 2021 letter constituted his formal appeal, an admission First Reliance now characterizes as "clearly erroneous." *See* Complaint, ECF No. 1, ¶ 86; Answer, ECF 6, ¶ 86; Mem. in Opp. at 8. First Reliance has yet to move to amend its answer. However, I need not decide which of Rhodes' letters triggered the benefit determination period, because even if the period did not begin until First Reliance received Rhodes' second letter on May 19, 2021, First Reliance improperly tolled the benefit determination period for the 57 days between June 7 and August 3, 2021.

First Reliance claims that the letter it sent to Rhodes on June 7, 2021 regarding an independent medical examination "stayed [its review] pending receipt of the IME report and additional information from Plaintiff" pursuant to 29 C.F..R §2560.503-1(i)(4). However, neither awaiting receipt of the IME report nor awaiting the "additional information from Plaintiff" provided a valid basis for First Reliance to stay their review. First, failure to obtain an IME on appeal cannot be invoked to extend the regulatory deadlines. *See, e.g.*, *Krysztofiak v. Boston Mut. Life Ins. Co.*, 2021 WL 5304011, at *3 n.5 (D. Md. Nov. 15, 2021) ("tolling is inapplicable [because the] burden to schedule and complete an IME within the 45-day decision window . . . is on the claim administrator"). First Reliance's requested IME was not even scheduled until July 16, 2021, well outside of the 45-day window. *See* ECF No. 16-3, at AR708. Second, despite First Reliance's claims to the contrary, the June 7 letter does not actually request any additional information from Rhodes. The letter states: "Please be advised that it is ultimately your responsibility to provide us with any information *you wish to have considered. As such, should*

8

*you have any other medical or vocational information you wish to be considered*, please let us know and forward no later than June 21, 2021." ECF No. 16-2, at AR237. The letter merely informs Rhodes that he *may* provide additional information if he so wishes; it is not a "request for additional information" that would toll the appeal window under 29 C.F.R. §2560.503-1(i)(4). The letter therefore provided no valid basis for First Reliance to toll the review period from June 7 to August 3, 2021.

First Reliance additionally argues that it demonstrated "special circumstances" warranting a 45-day extension under 29 C.F.R. §2560.503-1(i)(3)(i). First Reliance claims special circumstances were present because it was "waiting on documents to be provided by Plaintiff," but as discussed above, in fact First Reliance had merely invited Plaintiff to submit additional documents he "wish[ed] to have considered." ECF No. 16-2, at AR237. Moreover, even if special circumstances did exist, First Reliance failed to provide sufficient notice to invoke the extension. It cited to no special circumstances, nor did it provide a date by which it would render a decision. *See* 29 C.F.R. § 2560.503–1(i)(1)(i); *McFarlane v. First Unum Life Ins. Co.*, 274 F. Supp. 3d 150, 156 (S.D.N.Y. 2017).

Absent a valid basis for tolling the benefit determination period from June 7 to August 3, 2021, and without "special circumstances" qualifying for a 45-day extension (nor proper notice of such), the benefit determination period expired on July 3, 2023. First Reliance's failure to meet the required deadlines constitutes a violation of the claims regulations. 29 C.F.R. § 2560.503-l(i)(l)(i), (i)(3)(i).

## CONCLUSION

For the reasons provided above, the Court concludes that *de novo* review shall apply to its review of Plaintiff's application for benefits. The Clerk of the Court shall terminate ECF No. 14. The parties shall appear for a status conference on May 5, 2023, at 10:00 a.m., to regulate further proceedings.

SO ORDERED.

Dated:      April 26, 2023
           New York, New York

ALVIN K. HELLERSTEIN
United States District Judge